UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN YANG, <br><br> Plaintiff, <br><br> - against - <br><br> WPIX, LLC <br><br> Defendant. | Docket No. _____ <br><br> JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Stephen Yang ("Yang" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant WPIX, LLC ("WPIX" or "Defendant") hereby alleges as follows:

### **NATURE OF THE ACTION**

1.     This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act.  This action arises out of Defendant's unauthorized reproduction and public display of copyrighted photographs of Columbia University student Jonah Reider's dorm room restaurant owned and registered by Yang, a New York City based photojournalist.  Accordingly, Yang seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant reside in and/or are doing business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Yang is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 270 Empire Boulevard, #1K, Brooklyn, NY 11225.  Yang has national and international experience traveling the world capturing photographs. Yang's photos have appeared in the The New York Times, Bloomberg News, The New York Post, The Wall Street Journal, The Washington Post, The Boston Globe, Time Out Magazine, New York Magazine and other media outets.

6.     Upon information and belief, WPIX is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 220 East 42nd Street, New York, NY 10017. Upon information and belief, WPIX is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, WPIX has operated and continues to operate a terrestrial television station in New York City under the call letters WPIX-TV. At all times material hereto, WPIX has operated and continues to operate a website at the URL: www.PIX11.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

7.      In September 2015, Columbia University student, Jonah Reider, opened a new American restaurant named Pith in his dorm room. Reider serves four diners a five to eight course dinner prepared in the kitchen in his suite at Hogan Hall four days a week. Reider takes reservations via Yelp and is open to both students and the public. Reider's dorm room restaurant was not only heavily covered by the press in New York City, but it also gained national attention.

8.      On October 5, 2015, Yang photographed Reider preparing a five-course meal for his roommates Jordan Walters and Dexter Callender in his dorm room restaurant. True and correct copies of said photographs (the "Photographs") are attached hereto as Exhibit A (*Friends at Table*) and Exhibit B (*Five Course Meal*).

9.      Yang then licensed the Photographs to the New York Post. On October 7, 2015, the New York Post ran an article that featured the Photographs in its web edition entitled *The hottest table in town is in a Columbia University dorm*. *See* http://nypost.com/2015/10/07/the-hottest-table-in-town-is-in-a-columbia-university-dorm/ (last visited February 15, 2016). Yang's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the web edition of the article is attached hereto as Exhibit C.

10.     Yang is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyrights thereto.

11.     The Photographs were registered with Copyright Office and were given Copyright Registration Number VA 1-987-334, effective January 5, 2016.

**B.      Defendant's Infringing Activities**

12.     Upon information and belief, on or about October 7, 2015, during its live telecast of the 10pm newscast, WPIX publically displayed copies of the Photographs. Upon information

and belief, WPIX produced the telecast. WPIX did not license the Photographs from Plaintiff for use during the telecast nor did it have Plaintiff's permission or consent to display the Photographs during its telecast. Upon information and belief, WPIX removed Yang's gutter credit, instead attributing the Photographs to the New York Post.

13.     Upon information and belief on October 8, 2015, WPIX ran its own article on the Website entitled *Columbia University Student Creates Restaurant in Dorm Room* (http://pix11.com/2015/10/08/columbia-university-student-creastes-restaurant-in-dorm-room/) (last visited February 15, 2016). The article contained the telecast that displayed the Photographs. WPIX did not license the Photographs from Plaintiff for use in its article, nor did WPIX have Plaintiff's permission or consent to publish the Photographs on its Website. A true and correct copy of screen shots of the Photographs on the Website is attached hereto as Exhibit D and Exhibit E.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST WPIX)
### (17 U.S.C. §§ 106, 501)

14.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15.     WPIX infringed Plaintiff's copyright in the Photographs by reproducing and publically displaying the Photographs in an article on the Website.  WPIX is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16.     WPIX infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs during their 10pm newscast on or about October 7, 2015.

WPIX is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

17.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18.     Upon information and belief, the foregoing acts of infringement by WPIX have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

20.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

21.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST WPIX)**
**(17 U.S.C. § 1202)**

23.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24.     When the Photographs were published in an article in the New York Post, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

25.     In its article on the Website, WPIX intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs and replaced such information with false, altered and inaccurate copyright management information that falsely identified the photographer of the Photographs.

26.     Similarly, in its telecast, WPIX intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

27.     The conduct of WPIX violates 17 U.S.C. § 1202(b).

28.     WPIX's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

29.     The falsification, alteration and/or removal of said copyright management information was made by WPIX intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.  WPIX also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

30.     As a result of the wrongful conduct of WPIX as alleged herein, Plaintiff is entitled to recover from WPIX the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by WPIX because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

31.     Alternatively, Plaintiff may elect to recover from WPIX statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant WPIX be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.     That Defendant WPIX be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.     That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 505;

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
       February 15, 2016

                                        LIEBOWITZ LAW FIRM, PLLC
                                        By: _____
                                             Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 301
                                        Valley Stream, NY 11580
                                        Tel: (516) 233-1660
                                        RL@LiebowitzLawFirm.com

                                        *Attorney for Plaintiff Stephen Yang*